UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
February 24, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| Vantrerius McKnight, *et al.*, | § |
|     Plaintiffs, | § |
| *versus* | §   Civil Action H-19-2852 |
| Helix Energy Solutions Group, Inc., | § |
|     Defendant. | § |

## Opinion on Summary Judgment

1.  *Background.*

  Three stewards work on a ship that transports workers to oil platforms in the Gulf of Mexico. They are paid a day rate. They think they should be paid an hourly rate with overtime.

  The stewards are exempt from the overtime provision in the Fair Labor Standards Act. They will take nothing from their employer.

2.  *Facts.*

  Helix Energy Solutions Group, Inc., does subsea construction, maintenance, and salvage of oil platforms in the Gulf of Mexico. Each of Helix's ships has a marine crew and non-marine crew. The marine crew operates the ship and the non-marine crew works on the oil rigs. Helix classifies a steward as part of its marine crew because cooking and cleaning is necessary for the ship's safe and efficient operation.

  Vantrerius McKnight, Clayton Fruge, and Derek Belhumeur worked for Helix as stewards aboard Helix's ships. They cook, serve, and clean. They work twenty-eight days on, twenty-eight days off. When they are aboard the ship, they work 12.5 hour watches, as is customary for all shifts.

3. FLSA

   A. *Overtime.*

Helix paid the stewards a day rate. They say that they are entitled to an hourly rate and overtime because they are covered employees under the FLSA.

If an hourly employee works longer than forty hours a week, the FLSA mandates that he is paid one-and-a-half times his regular rate.[1] Seamen are exempt from the overtime provision.[2]

An employee is classified as a seaman if his work is (a) maritime in nature, (b) rendered on a vessel, (c) in navigable waters.[3]

The stewards undisputably work on a ship in navigable waters.

They argue that their duties as a steward are neutral in nature—neither maritime nor non-maritime. They try to characterize their work as maritime when they serve the marine crew and non-maritime when they serve the industrial crew. They think that because most of the people on the boat were industrial, most of the work must have been non-maritime.

A person is classified as a seaman based on the work he actually did. The stewards said that their job was to cook, serve food, store food, and clean the ship. These duties are intrinsic to the operation of the ship. Without food and sanitation, a ship could not operate. Feeding passengers or non-maritime crew at sea is an essential function of the vessel.[4]

The character of the stewards' jobs did not change when they were serving the industrial crew or the marine crew. Their classification as a seaman turns on what *they* did—not the person they served. A steward helps the ship operate so that it can transport the industrial workers; they were under the direct supervision of the master of the vessel.

On Helix's ships, the meals were cooked in bulk and served buffet-style.

---

[1] 29 U.S.C. 207(a) (2012).

[2] 29 U.S.C. 213(b)(6) (2012).

[3] *Gale v. Union Bag & Paper Corp.*, 116 F.2d 27 (1940).

[4] *McDermott Int'l, Inc., v. Wilander*, 498 U.S. 337 (1991).

The meals were not served to the crews separately. The stewards could not know if the food they cooked would be eaten by an industrial worker or a marine worker, and it would be impractical to attempt to separate their time accordingly. The same applies to cleaning—the stewards could not know whose dishes they washed.

Their duties were to serve everyone aboard. Just because most of the ship consisted of industrial workers does not mean most of their time was spent on them. Their responsibilities concerned the operation of the ship.

The stewards insist that whether they are seamen is a question for a jury. Here, no question of fact exists about their duties or whether the duties fall under the seaman exemption, so no jury is required. A steward who cooks and cleans on a ship in navigable waters falls squarely within the definition of a seaman.

B.  *Records.*

The stewards also sued Helix for not maintaining accurate wage records. They have no evidence to support this claim—all they pleaded was a single, conclusory sentence. The stewards' claim for failure to maintain wage records will be denied.

4.  *Conclusion.*

Vantrerius McKnight, Clayton Fruge, and Derek Belhumeur cook and clean on Helix's ships. Their jobs fall under the seaman exemption in the FLSA. They are not entitled to overtime pay.

They will take nothing from Helix Energy Solutions, Inc.

Signed on February 23, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge